UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRYALL OMEGA, INC., | § | CASE NO. 14-30317 |
| | § | |
| *Debtor* | § | |
| | § | |
| | § | CHAPTER 11 |
| | § | |
| TRYALL OMEGA, INC. AND TRYALL, INC., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | ADVERSARY NO. _____ |
| v. | § | |
| | § | |
| GULF COAST MINERAL, LLC, GARY BILLINGSLEY, AND GENESIS ENERGY, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Bankruptcy Procedure 9027 and 28 U.S.C. §§ 1334, 1441, 1446, 1452, secured creditor, party-in-interest and Defendant Gulf Coast Mineral, LLC ("GCM") hereby removes the matter of *Tryall Omega, Inc. and Tryall, Inc. v. Gulf Coast Mineral, LLC, Gary Billingsley, and Genesis Energy, LLC*, Cause No. 2014-66185, from the 215th Judicial District Court of Harris County, Texas and all claims asserted therein to the United States District Court for the Southern District of Texas and by reference to United States Bankruptcy Court for the Southern District of Texas (the "Notice of Removal"). The grounds for removal are as follows:

I.  INTRODUCTION

1. On November 13, 2014, Plaintiffs Tryall Omega, Inc. ("TOI") and Tryall, Inc. ("Tryall", collectively "Plaintiffs") filed a petition against Defendants GCM, Gary Billingsley ("Billingsley"), and Genesis Energy, LLC ("Genesis"), (collectively "Defendants") initiating the Texas state court action in the 215th Judicial District Court of Harris County, Cause No. 2014-66185 (the "State Action"). A copy of the Original Petition (and exhibits thereto) in the State Action is attached hereto as Exhibit A (the "Petition").

2. In the State Action, Plaintiffs purportedly assert causes of action against Defendants as follows: a) Fraud and Fraudulent Inducement (against GCM and Billingsley); b) Wrongful Foreclosure Due to Fraud; c) Breach of Fiduciary Duty and Minority Working Interest Holder Oppression; and d) Breach of the Working Interest Agreement.

3. Prior to filing the State Action, on January 10, 2014, TOI filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District (the "Bankruptcy"). The entire reason that TOI filed the Bankruptcy was that GCM had noticed its working interest in an oil field located in Alabama to be foreclosed pursuant to the agreement between the parties. The Bankruptcy stopped this process and allowed the parties to enter into negotiations to resolve their dispute or, alternatively if it could not be worked out, to provide a forum in which to litigate the dispute. After many months of intense negotiations, the parties ultimately resolved their issues and entered into a settlement agreement (the "Settlement"). On May 1, 2014, the Settlement was approved by the Bankruptcy Court after the Court heard testimony from Mr. Robert Hynds, representative of TOI. On May 1, 2014, the Bankruptcy Court entered an order approving the Settlement and retaining "jurisdiction to interpret and

2

enforce the provisions of this Order and the transactions contemplated herein to the maximum extent allowed by law." (the "Order").

4.    In the State Action, Plaintiffs assert claims that require the interpretation of the Settlement, including whether many of the claims brought by Plaintiffs have been released under the Settlement.  Further, litigation of the claims brought by Plaintiffs also requires the enforcement of particular provisions that were entered into in the Settlement.  For instance, Plaintiffs have obtained a temporary restraining order in an attempt to prevent GCM from enforcing particular provisions of the Settlement that TOI entered into with the approval of the Bankruptcy Court.

5.    GCM is also filing a motion to reopen the Bankruptcy.

## II.    GROUNDS FOR REMOVAL TO BANKRUPTCY COURT

6.    Removal is proper because section 1452(a) of title 28 of the United States Code expressly provides for the removal of this suit by "any party."  28 U.S.C. §1452(a).

7.    **Jurisdiction.** A district court has original jurisdiction of "all cases under title 11" and of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a),(b).  The claims asserted in the State Action all "arise in" a title 11 case; specifically they arise out of the settlement agreement entered into during the bankruptcy and approved by the Bankruptcy Court.  Additionally, the claims also "relate to" a bankruptcy. "Related to" jurisdiction is broadly defined and has been found to exist if an action could conceivably have any effect on the estate being administered.  In addition, the bankruptcy court has ancillary jurisdiction to enforce the settlement and its order approving that settlement which "retain[ed] jurisdiction to interpret and enforce the provisions of this Order and the transactions contemplated herein to the maximum extent allowed by law."

3

8. **Timeliness.** The Original Petition, attached hereto as Exhibit A, was filed on November 12, 2014. Fewer than thirty days have elapsed since the State Action (and the Original Petition) were filed and served, and therefore this Notice of Removal is timely under 28 U.S.C. § 1446(b); Fed. R. Bankr. P. 9027(a)(3).

9. **Referral to Bankruptcy Court.** Pursuant to the United States District Court for the Southern District of Texas' General Order of Reference dated March 10, 2005, the case is automatically referred from the District Court to the Bankruptcy Court.

10. **Consent to Removal to Bankruptcy Court.** All defendants who have been properly served are not required to consent to the removal of this case to federal court. Such consent is not necessary when there is an independent statutory right to remove.

11. **Venue.** The United States District Court for the Southern District of Texas, Houston Division encompasses Harris County, the county in which the State Action was filed. 28 U.S.C. § 124(b)(2). Accordingly, removal to the Southern District of Texas is proper pursuant to 28 U.S.C. § 1441(a).

12. **Local Rule 9027.** GCM does not consent at this time to entry of final orders or judgment.

13. **Notice to State Court.** Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the 215th Judicial Court of Harris County, Texas, where this case was originally filed. GCM is also serving Plaintiffs with the Notice of Removal.

### III.   ALTERNATIVE REMOVAL TO UNITED STATES DISTRICT COURT

14. In the alternative, if the Bankruptcy Court declines to reopen the bankruptcy case or accept ancillary jurisdiction over this matter, GCM seeks to remove the State Action to the United States District Court for the Southern District of Texas.

15. **Absent Fraudulent Joinder, Diversity of Citizenship Exists.** In the Original Petition, Plaintiffs allege that they are both corporations organized under the laws of the State of Texas. Defendant GCM is a limited liability company organized under the laws of the State of Alabama. All of the members of GCM are also located in the State of Alabama. Gary Billingsley is a citizen of the State of Alabama, as alleged in the Original Petition. Genesis Energy, LLC is a limited liability company that is organized under the laws of the State of Delaware. Upon information and belief, some of its members are citizens of the State of Texas. However, because Genesis has been fraudulently joined in this matter to defeat diversity jurisdiction and the Original Petition fails to state a cognizable claim against Genesis, the State Action may be removed.

16. **Amount in Controversy.** As required by 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

17. **Removal is Timely.** The Original Petition, attached hereto as Exhibit A, was filed on November 12, 2014. Fewer than thirty days have elapsed since the State Action (and the Original Petition) were filed and served, and therefore this Notice of Removal is timely under 28 U.S.C. § 1446(b).

18. **Consent**. All Defendants consent in the removal of the State Action to the United States District Court.

19. **Notice to State Court.** Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the 215th Judicial Court of Harris County, Texas, where this case was originally filed. GCM is also serving Plaintiffs with the Notice of Removal.

### IX. COMPLIANCE WITH LOCAL RULES 81 AND 9027-1

20. The following documents are provided in compliance with Southern District of Texas Local Rule 81:

1. All executed process in the case - *There are none on file;*

2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (FRCP LR 81); as well as all papers that have been filed with the Court (FRBP LR 9027-1(b)) - *See attached Exhibit A;*

3. All orders signed by the state judge - *See attached Exhibit B, the Temporary Restraining Order entered by the Ancillary Judge;*

4. The docket sheet - *See attached Exhibit C;*

5. An index of matters being filed - *See attached Exhibit D;* and

6. A list of all counsel of record, including addresses, telephone numbers and parties represented - *See attached Exhibit E.*

## X.  CONCLUSION

21. By this Notice of Removal, GCM does not waive any objections it may have as to service, jurisdiction, venue, its right to compel arbitration or any other defenses or objections it may have to this action.  GCM intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

        Respectfully submitted,

        */s/ Kenneth M. Krock*
        Kenneth M. Krock
        State Bar No. 00796908
        Federal ID No. 20449
        Rapp & Krock, PC
        3050 Post Oak Blvd, Suite 1425
        Houston, Texas 77056
        (713) 759-9977 telephone
        (713) 759-9967 facsimile
        kkrock@rk-lawfirm.com
        **ATTORNEY IN CHARGE FOR DEFENDANTS GULF COAST MINERAL, LLC AND GARY BILLINGSLEY**

Of Counsel:
Terri S. Morgan
State Bar No. 08286500
Federal ID No. 10591
Megan N. Brown
State Bar No. 24078269
Federal ID No. 1588432
Rapp & Krock, PC
3050 Post Oak Blvd, Suite 1425
Houston, Texas 77056
(713) 759-9977 telephone
(713) 759-9967 facsimile
tmorgan@rk-lawfirm.com
mbrown@rk-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2014, a true and correct copy of Defendant Gulf Coast Mineral, LLC's Notice of Removal has been served on all counsel of record as follows:

Victor Walker	*Via Regular Mail and Facsimile*
Law Office of Victor D. Walker, P.C.
One Riverway, Suite 1700
Houston, TX  77056
*Counsel for Plaintiffs*

James T. Kittrell	*Via Regular Mail and Facsimile*
Everard A. Marseglia, Jr.
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, Texas 77002
*Counsel for Defendant*
*Genesis Energy, LLC*

    /s/ Kenneth M. Krock
Kenneth M. Krock